Filed 12/20/13  In re Luis S. CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re LUIS S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LUIS S.,<br><br>        Defendant and Appellant. | A137585<br><br>(Alameda County<br>Super. Ct. No. SJ121819301) |

Luis S. was made a ward of the Juvenile Court because of his seemingly incorrigible truancy.  He continued missing school.  On Friday, January 4, 2013, the court remanded Luis to Juvenile Hall for the weekend ending January 6.  Luis has appealed the remand order, attacking it as a de facto contempt order that is invalid because it did not comply with the contempt procedures spelled out in the Code of Civil Procedure.

After Luis's appeal was briefed, our colleagues in Division Three held that the remand order was not appealable, but the defective appeal would be treated as a petition for an extraordinary writ.  (*In re M.R.* (2013) 220 Cal.App.4th 49, 64-65.)  Division Three further held that "Although the appeal is technically moot" because the remand period had expired, "we shall exercise our inherent discretion to resolve an issue of broad public interest that is likely to recur while evading appellate review." (*Id*. at 56.)  We adopt the same approach, in part.  We too will treat this defective appeal as a writ

1

petition.  Although this dispute does qualify as moot—because the period for the weekend remand has long since passed—we will address some of the merits, although with nothing approaching the thoroughness of Division Three.

We have nothing to add to the substance of that analysis, which establishes that the summary nature of the remand procedure employed by the juvenile court was improperly used as a substitute for the statutory mechanism for adjudicating a contempt.  We do, however, wish to express one thought that has occurred to us after reviewing a number of these remand orders from the juvenile court.

We have noted that the court has only ordered a remand (which has never been for more than a weekend) when it believed all other avenues to correct a ward's chronic truancy have been tried and failed.  The record we have summarized here demonstrates the court's genuine concern for the ward's best interest.  That focus never wavered, and was never tainted with an inappropriate impulse or motive.  The court was simply wrong in believing that the remand procedure could take the place of the more formalized contempt process.

Ordinarily, if the case would not be treated as moot, we would simply return the matter to the trial court, confidant in the presumption that it would do the right thing.  But given the novel situation, and the sensitive nature of proceedings in the juvenile court, we will direct the juvenile court to annul the remand order.  This is no reflection on the dedication or ability of this particular judicial officer.  We are certain that once the court becomes aware of the inappropriateness of the remand procedure, it will on its own initiative annul all such orders that are returned to it by this court.

Luis's motion for judicial notice of other pending appeals presenting the same issue is denied.

The purported appeal is dismissed.  The juvenile court is directed to annul its remand order of January 4, 2013.

2

_____
Richman, J.

We concur:


_____
Haerle, Acting P.J.


_____
Brick, J.[*]

---

[*] Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.